## SILLIMAN v. LAWLEY.  (No. 7675.)

(Court of Civil Appeals of Texas.  San Antonio.  Jan. 19, 1927.  Rehearing Denied Feb. 16, 1927.)

1. Receivers ⚎154(1)—Judgment that receiver, who sold cattle, pay caretaker amount due out of first funds available, held proper, where entire proceeds of sale went for feed under court order.

Where receiver of cattle had obtained court order for their sale, entire proceeds from which were used for food furnished to keep cattle alive and prevent total loss, judgment in action by caretaker of cattle against receiver, allowing recovery out of first funds that may come into receiver's possession, held proper, as any other method of payment would have been impossible.

2. Judgment ⚎743(1)—Judgment ordering sale of cattle in receiver's hands to pay feed bill and order confirming sale held res judicata of caretaker's claim to proceeds.

Judgment, under which cattle in receiver's hands were ordered sold to pay for food furnished and order confirming sale, held res judicata of all claims to purchase money received from sale, barring claim of caretaker for wages therefrom, where proceeds of sale were insufficient to take care of entire feed bill.

3. Receivers ⚎81—Receiver acts as servant of court which appoints him.

Receiver acts as servant of court in performing his duties, and should not be instructed to carry out impossible tasks.

4. Receivers ⚎112—Receiver should not be required to do impossible act.

Receiver should not be ordered to perform impossible task, as he is servant of court.

Appeal from District Court, Bexar County; Robt. W. B. Terrell, Judge.

Suit between Joe Revard and W. A. Glasscock, in which Douglas Lawley was appointed receiver.  Plea in intervention by William E. Silliman to recover from the receiver for care of cattle formerly in receiver's possession.  From a judgment awarding payment of intervener's claim out of the first funds coming into receiver's possession, intervener appeals.  Affirmed.

William Alter and Jack Horner, both of San Antonio, for appellant.

Wayne Davis, of San Antonio, for appellee.

FLY, C. J.  This is a receivership case in which appellee, the receiver, had applied for and obtained an order of sale of personal property, had sold the same, and obtained a confirmation of the sale.  After the sale of the personal property, consisting of 64 head of cattle, appellant intervened in the suit in which the receiver was appointed, styled Joe Revard v. W. A. Glasscock, setting up a claim of $472.28, alleging that it was due him as caretaker of the cattle, for which service the receiver had agreed to pay him.  The cause was heard by the court, and it was ordered by the court that the receiver in said cause pay appellant $472.25, "out of the first funds that may come into his possession."

[1] The findings of fact of the trial judge show that he had ordered the sale of the cattle to pay the Landa Milling Company for food furnished the cattle from January, 1925, to June, 1925.  The payment for the food was not fully met by the amount received for the cattle.  That amount was the highest and best price offered for the cattle on the market, and the sale was confirmed by the court.  The court found that the food furnished was absolutely necessary to keep the cattle alive and prevent a total loss.  The court further found that Silliman had been employed by the receiver to care for the cattle, and that he owed him $472.25 for such labor, but that there was no available money with which the receiver could pay him.

The facts show that keeping the cattle and not disposing of them until the food furnished them exceeded their value was not a business venture of the first class, and, when the amount of wages due the caretaker is added to more than a thousand dollars due for food, the lack of business acumen is highly accentuated.  The only complaint of the appellant seems to be, however, that the court placed the hire of the laborer secondary to the claim of the furnisher of the food.  In his plea of intervention he did not attack the order of sale or the confirmation, and in his prayer he asked that the "court order the receiver to pay from the funds of the said receivership the sum of $472.28 to this intervener."  The judgment ordered a recovery from the receiver of "the sum of $472.28, and that the said amount of money be paid intervener by the receiver, out of the first funds that may come into his possession."  The judgment was for the sum prayed for by appellant, and complied with the prayer in all other respects.

[2-4] Appellant did not ask that his claim be paid out of the amount received for the cattle, and, if he had, how could that have been done?  The money received for the cattle had been paid out by the court to the Landa Milling Company under the solemn judgment of the court.  No attempt had been made to set aside that judgment, and it was fully res adjudicata of all claims to the purchase money of the cattle.  Suppose the court, without pleading necessary thereto, had ordered the receiver to pay out of a fund that had passed out of his possession, how could the receiver have complied with the order?  He had acted as the servant of the court and the court was right in not going out into a realm not invaded by the pleading and re-

quiring an impossibility of the servant of the court. Appellant, after the judgment was rendered, prayed the court to order the receiver to pay him, not out of the proceeds of the cattle, but "out of funds in the hands of the receiver, and that the receiver be required to account for the proceeds of the said sale to the Landa Milling Company." That was asked in the face of the facts proved on the trial that the court had ordered the sale of the cattle and an appropriation of the proceeds of the sale to the payment of the debt due Landa Milling Company, and that the court had approved the acts of the receiver under its orders. It would have been an utter impossibility to have rendered any other judgment under the pleadings and facts than that rendered by the court.

The judgment is affirmed.